IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WALTER IGARZA-LEMUS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| ALEXANDER SANCHEZ, WARDEN OF IAH | § | CIVIL ACTION NO. 9:26-CV-00321 |
| SECURE ADULT DETENTION FACILITY, | § | JUDGE MICHAEL J. TRUNCALE |
| PAUL MCBRIDE, FIELD OFFICE DIRECTOR, | § | |
| OF THE HOUSTON FIELD OFFICE, UNITED | § | |
| STATES IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; TODD M. LYONS, ACTING | § | |
| DIRECTOR, UNITED STATES | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; MARKWAYNE MULLIN, | § | |
| SECRETARY OF HOMELAND SECURITY; | § | |
| TODD BLANCHE, UNITED STATES ACTING | § | |
| ATTORNEY GENERAL, IN THEIR OFFICIAL | § | |
| CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Walter Igarza-Lemus ("Igarza-Lemus")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Walter Igarza-Lemus is a Cuban national. [Dkt. 1 at ¶ 39]. On February 15, 2026, United States Immigration and Customs Enforcement ("ICE") detained Igarza-Lemus. *Id.* at ¶ 44.

On May 7, 2026, Igarza-Lemus brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution, the Administrative Procedure Act ("APA"), the Suspension Clause, and the Fourth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at \*4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Detention Pending Removal

Igarza-Lemus challenges the Government's authority to detain him while removal proceedings are pending. [Dkt. 1.] His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien must be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. See 8 U.S.C. § 1226(a). Because Igarza-Lemus is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a). Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id*.

## B. Administrative Procedure Act (APA)

Igarza-Lemus argues that the Government violated the APA by failing to consider mitigating factors such as his lack of criminal history and pending humanitarian claims. [Dkt. 1 at ¶ 66]. The Court lacks jurisdiction to decide the merits of Igarza-Lemus's APA claim, since it is "unrelated to the cause of [his] detention*." See Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Accordingly, any APA claim must be pursued in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

## C. Suspension Clause

Igarza-Lemus further argues that the Government has violated the Suspension Clause, found in Article I of the United States Constitution. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *U.S. v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1225 does not preclude habeas review of pre-removal detention, and no executive action has purported to do so. See 8 U.S.C. § 1225. Accordingly, no Suspension Clause violation has occurred.

## D. Unlawful Arrest

Igarza-Lemus also argues that his arrest violated federal regulations. [Dkt. 1 at ¶ 96]. However, an unlawful arrest, without more, does not entitle the arrestee to habeas relief. *See Howard v. Allgood*, 272 F. Supp. 381, 384 (E.D. La. 1967) ("[A]n unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction"); *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1910) ("[I]f sufficient ground for [the petitioner's] detention by the government is shown, he is not to be discharged for defects in the original arrest . . . "). Because Igarza-Lemus illegally entered the United States and remains present in the United States without legal status, he is deportable. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Igarza-Lemus's ongoing confinement during

deportation proceedings is lawful regardless of whether he was lawfully arrested. *See id*. § 1226(a); *Howard*, 272 F. Supp. at 384; *Bilokumsky*, 263 U.S. at 158. Igarza-Lemus is therefore not entitled to habeas relief. *See Pierre*, 525 F.2d at 935 (emphasis added); *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.).

## IV. CONCLUSION

It is therefore **ORDERED** that Igarza-Lemus's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

_____
Michael J. Truncale
United States District Judge